EDNA FAYE BLANKENSHIP

*v.*

DARRELL (NMN) BLANKENSHIP, *et al.*

(No. 14689)

Decided July 15, 1980.

*Burgess & Sloan, Leland T. Sloan and Bennett R. Burgess*, for petitioner.

*George P. Sovick, Jr.*, for respondents.

PER CURIAM:

In this appeal from the Circuit Court of Kanawha County, Edna Faye Blankenship challenges the lower court's failure to vacate the adoption of her three minor children by the appellees, Darrell and Christa Blankenship.

Edna Faye Blankenship and David Blankenship were formerly husband and wife. In 1977 they resided in Middletown, Ohio, with their three minor children, David Ray Blankenship, Michael Wayne Blankenship, and Jamie Michelle Blankenship. In late August of that year, the appellant left the marital domicile. In September her husband committed suicide. Following his funeral, Darrell and Christa Blankenship, the deceased's brother and sister-in-law, took the minor children to live with them in their home in St. Albans, West Virginia.

In April of 1978, the appellees filed a petition in the Circuit Court of Kanawha County, seeking to adopt the three minor children of David and Edna Blankenship. A next friend was appointed. After a hearing on May 23, the adoption was granted. In October 1978, the appellant, who did not consent to the adoption, and was not personally served, brought a petition pursuant to *W.Va. Code*, 48-4-6(a) (1977)[1] seeking to vacate the adoption.

---

[1] *W.Va. Code*, 48-4-6(a) (1977) reads in material part, as follows:

"A parent or guardian of a legitimate child ... who did not consent to the adoption of such child, [or] any parent * * * entitled to notice as provided in subdivision (1), subsection (b), section one [§ 48-4-1] of this article who was not served with notice as provided in said subdivision (1), * * * may, at any time

After a hearing on November 6, 1978, the court dismissed the petition to vacate and denied the relief sought.

At the hearing on the petition to vacate, appellant's counsel sought to introduce evidence that she had never abandoned her children and had not consented to their adoption. Counsel for appellees contended this evidence was not necessary or proper and moved the court to dismiss appellant's petition based solely upon the record made in the initial adoption hearing. The court granted the motion, rejected the evidence offered by the appellant, dismissed the petition, and denied the relief sought.

By granting appellee's motion to consider only the original record and by rejecting further evidence from the appellant, the court nullified the very purpose of *W.Va. Code*, 48-4-6(a) (1977), which is to provide a full hearing on the validity of a prior adoption where the parent has not been properly served in the initial adoption proceeding or has not consented. The lower court committed reversible error which prejudiced the appellant when it denied the appellant an evidentiary hearing and dismissed her petition based on the facts developed at the original adoption hearing in which the appellant had not been properly served and did not appear.

For the foregoing reasons, we reverse the judgment of the Circuit Court of Kanawha County which dismissed appellant's petition to vacate the adoption, and we remand the case with directions that appellant be granted a full hearing on her petition. At such hearing, she is to be allowed to present all proper evidence going to the validity of the initial adoption proceeding.

within one year after learning of or having reasonable opportunity to learn of the adoption, apply by petition to the court in which the adoption was granted, praying that the adoption be vacated. The court * * * shall hear the petitioner and all parties interested, and may vacate or affirm the adoption in its discretion * * * ."

The Writ of Habeas Corpus heretofore issued by this Court on November 8, 1978, in Case No. 14688, is discharged as being moot by reason of the decision rendered herein.

*Reversed and remanded*
*with directions.*